CASE 30—PETITION ORDINARY—FEBRUARY 29.

## Winfrey v. Zimmerman.

APPEAL FROM HICKMAN CIRCUIT COURT.

1. A MARE AND A COLT ARE EXEMPT FROM SALE UNDER EXECUTION.— The statute exempting from sale under execution two work-beasts or two work-horses, or one of them and a yoke of oxen, is construed to embrace and exempt a mare and her colt, the execution-defendant being a housekeeper with a family and owning no other work-beast.
2. By the terms *work-beast* and *work-horse* the legislature intended and meant an animal of the horse kind which could be rendered fit for service, as well as one of mature age and in actual use.

E. I. BULLOCK, . . . . . . . . . . For Appellant.

N. P. MOSS, . . . . . . . . . . For Appellee,

CITED

2 J. J. Marshall, 149, Pendleton v. Bank of Kentucky.
3 Dana, 441.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT.

The pleadings and· agreed statement of facts in this case present the single question whether the appellant, who owned no work-beast, nor anything of the horse species except a mare and her colt, under one year old, was entitled under the exemption laws of this state to withhold the colt as well as the mare from levy and sale under an execution against him, he being a housekeeper with a family.

It seems from the several acts of the legislature exempting property from sale under execution that the words " work-beast" and " work-horse" were intended, as used, to mean the same thing; and under those statutes the appellant was entitled to retain as exempted property two work-beasts or work-horses, or one of them and one yoke of oxen. The essential point to be determined therefore is whether those statutes, interpreted in the liberal and beneficent spirit which manifestly prompted their enactment, should be so construed as to embrace an animal of the horse species, which, from its age, could not be presumed to be of much if any value for immediate service.

The amount in controversy in this case is very small, but the principle it involves is nevertheless important to unfortunate debtors and their families; and we have endeavored to deduce the intention of the legislature both from the context and object of the particular acts in question and their analogy to other exemption laws, especially those which exempt from execution live-stock for provisions, and save the debtor's growing crop and even his homestead from sale; and, so considering the question, we have been led to conclude that by the use of the terms "work-beast" and "work-horse" the legislature intended and meant an animal of the horse kind which could be rendered fit for service,· as well as one of maturer age and in actual use, and especially so when, as in this case, it does not appear that the animal is

of any peculiar value except for present or future use as a work-beast.

It results that the judgment for the defendant in the court below can not be sustained.

Wherefore the judgment is reversed, and the cause remanded for a new trial and further proceedings not inconsistent with this opinion.

Judge LINDSAY dissenting.